UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO MENDOZA, ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 1:11-cv-018-TWP-MJD |
| ) | 1:04-cr-155-H/F-1 |
| UNITED STATES OF AMERICA. ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

This matter is before the Court on movant Antonio Mendoza's ("Mr. Mendoza") motion for relief pursuant to 28 U.S.C. ' 2255. For the reasons explained in this Entry, the motion must be **denied** and the action dismissed with prejudice. In addition, the Court finds that no hearing is necessary and a certificate of appealability should not issue.

## I. The ' 2255 Motion

*Background*

On June 14, 2006, a seven count Superseding Indictment was handed down charging Mr. Mendoza along with three co-defendants in Case No. 1:04-cr-0155-H/F-1. Mr. Mendoza was charged with count one, conspiracy to possess and to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and counts three, four and five, possession with intent to distribute 500 grams, 50 grams, and 50 grams, respectively, of methamphetamine, (in violation of § 841(b)(1)(A)). Prior to trial, counts three and four were dismissed and on July 2, 2008, a jury found Mr. Mendoza guilty of both counts one and two.

Mr. Mendoza was sentenced to a term of life imprisonment on each count, concurrent; to be followed by ten years of supervised release on each count, concurrent. The life sentence was mandated by the amount of drugs involved and Mr. Mendoza's two prior convictions for felony

drug offenses. See *United States v. Mendoza*, 346 Fed. Appx. 112, 115 (7th Cir. 2009) (unpublished).

Mr. Mendoza appealed his conviction and sentence to the Seventh Circuit Court of Appeals, but his attorney filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), because he found no meritorious issues to assert. Mr. Mendoza opposed the dismissal of his appeal. The Court of Appeals reviewed the claims considered by counsel but found no viable claims and dismissed the appeal. *United States v. Mendoza,* 346 Fed.Appx. 112, 2009 WL 3198739 (7th Cir. Oct 6, 2009). On January 3, 2011 Mr. Mendoza filed his motion to Vacate, Set Aside or Correct Sentence pursuant to ' 2255. (Dkt. 1).

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Mendoza asserts four claims of ineffective assistance of counsel. He asserts that he was denied effective assistance of counsel when: 1) his speedy trial rights were violated; 2) counsel did not permit him to testify; 3) counsel did not investigate government witnesses who falsely accused Mr. Mendoza of being involved in a conspiracy; and 4) counsel allowed the court to enhance his sentence pursuant to 21 U.S.C. § 851.

The right to the effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Mendoza to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "'eliminate the distorting effects of hindsight.'" *Id.* at 523 (quoting *Strickland*, 466 U.S. at 689).

With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

*1. Speedy Trial*

Mr. Mendoza's first claim of ineffective assistance of counsel is that after he was arraigned, trial counsel requested four continuances of the trial date in violation of his statutory right to a speedy trial. The Speedy Trial Act ("STA") provides that a criminal defendant must be brought to trial within seventy days of his first federal court appearance. 18 U.S.C. ' 3161(c)(1). Mr. Mendoza made his initial appearance on May 31, 2007, however, his trial did not begin until June 30, 2008, thirteen months later.

The STA allows the exclusion of various periods of time from the seventy day limit. One proper basis of exclusion is "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. ' 3161(h)(7)(A). Mr. Mendoza's counsel filed four motions for continuance of the trial date and the government filed two motions for continuance.

Mr. Mendoza's counsel filed the first motion for continuance because counsel needed additional time to prepare for trial. Counsel's second motion for continuance was based on the desire to allow negotiations with the government to continue. The government filed the next motion for continuance, based on the complexity of the case and the fact that Mr. Mendoza had been a fugitive from the time he was originally indicted in September of 2004 until the time he was apprehended in Texas in April of 2007, plea negotiations did not succeed, and the government needed additional time to assemble voluminous evidence. The government's next motion for continuance was based on the fact that a key government witness needed surgery. Counsel's third motion for continuance was based on a conflict of schedule with other criminal cases of comparable vintage. Counsel's fourth motion for continuance was based on new developments that made it reasonable and possible for the case to be resolved without trial. On each occasion, the Court ruled that the circumstances presented outweighed the defendant's and the public's interests in a speedier trial. Having excluded the period of time between July 30, 2007, the first trial setting and the date the trial commenced, June 30, 2008, the time between Mr. Mendoza's arraignment, May 31, 2007, and trial did not exceed seventy days. For purposes of the STA, 59 days elapsed between Mr. Mendoza's arraignment and the date his trial began. There was no violation of the STA.

Contrary to Mr. Mendoza's contention, the mere fact that counsel moved for four continuances is not *per se* ineffective assistance. The record shows that each continuance was based on changing developments and upon circumstances that outweighed the interest in having a trial within seventy straight days. Mr. Mendoza has made neither showing of deficient performance nor prejudice. *Strickland,* 466 U.S. at 687. Indeed, Mr. Mendoza has not claimed any prejudice from the delay in his trial. Therefore, the Court cannot find that Mr. Mendoza's counsel was ineffective in relation to the STA.

*2. Right to Testify*

The decision whether to testify is a decision for the defendant to make. *Rock v. Arkansas,* 483 U.S. 44, 52 (1987). Mr. Mendoza argues that he was denied his right to testify because of ineffective assistance of counsel. He contends that he wanted to testify but his attorney told him not to take the stand. Courtroom minutes from his jury trial (Case No. 1:04-cr-155-H-F-1, "Dkt. 67") show that on July 1, 2008, Mr. Mendoza was informed of his right to testify. "The defendant stated that based upon the advice of his counsel the defendant will not testify." *Id.* Mr. Mendoza argues that if he had testified, he would have been able to tell the jury his side of the story and overcome the "underwhelming evidence against him" and "steered the result of the proceeding to something more favorable to himself." (Mendoza's Brief at p. 5). However, Mr. Mendoza has not cited any specific evidence that he could have provided by his testimony which did not already come out at his trial.

Mr. Mendoza contends that his counsel erred in advising him that if he testified, the government would confront him with his prior convictions. He asserts that his prior convictions were more than ten years old and therefore would have been inadmissible. That is not necessarily true. Evidence of a conviction more than ten years old is admissible for purposes of impeachment under Rule 609(b) of the *Federal Rules of Evidence* if its probative value substantially outweighs its prejudicial effect and written notice of the intent to use is given. *United States v. Rogers,* 542 F.3d 197, 201 (7th Cir. 2008) ("Rule 609(b) is not an absolute bar to the admissions of a prior conviction that is more than ten years old; it is, instead, an asymmetrical balancing test, one that requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence.").

Mr. Mendoza's underlying theory for this ineffective assistance claim is that counsel's advice about the risk of his taking the stand was erroneous. It was not. Therefore, Mr. Mendoza

has failed to show deficient performance. In addition, because Mr. Mendoza has not shown that, but for his attorney's asserted error in advising him to not testify at trial, there is a reasonable probability that the result of the trial would have been different, he has not met the "prejudice" prong of *Strickland.* Consequentially, his claim of ineffective assistance of counsel is unavailing.

*3. Failure to Investigate Witnesses*

Mr. Mendoza next asserts that his counsel was ineffective at trial because counsel failed to investigate government witnesses who had falsely accused Mr. Mendoza of being involved in the drug conspiracy, and by not calling any witnesses in his defense. Mr. Mendoza argues that government witness Jason Johnson falsely testified that Mr. Mendoza was in the El As De Oros bar at the time a drug transaction was occurring. Mr. Mendoza also asserts that Kathleen Darlene Soto falsely testified that she had done prior drug deals with Mr. Mendoza. Mr. Mendoza contends that he had never met either of these witnesses and that they were seeking a reduction in sentence in return for their testimony. He argues that if he had testified he would have vehemently rebutted the false allegations.

The Court is not persuaded. Mr. Mendoza has not shown how his attorney's investigation was inadequate. The fact that his counsel advised him not to testify has already been determined to not constitute ineffective representation. In addition, counsel cross-examined each witness and emphasized the fact that each had cooperated with authorities and testified for the government to receive a lower sentence. Specifically, counsel vigorously cross-examined Mr. Johnson, emphasizing that Mr. Mendoza never participated in any of Mr. Johnson's controlled buys. Counsel also attacked Mr. Johnson's credibility by eliciting testimony that he had breached the agreement he had made with law enforcement officers by using drugs and buying drugs on his own. Neither deficient performance nor prejudice has been shown under these circumstances.

Mr. Mendoza's claim that his counsel was ineffective by failing to call any witnesses is meritless because he has not identified any witnesses counsel should have called nor has he explained what additional testimony would have been provided by those witnesses. "A *Strickland* claim based on counsel's failure to investigate a potential witness requires a specific, affirmative showing of what the missing witness's testimony would be, and this typically requires at least an affidavit from the overlooked witness." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012); *United States v. Farr*, 297 F.3d 651, 658-59 (7th Cir. 2002) (explaining that petitioner who claims trial counsel was deficient in failing to track down and interview witnesses must present reasonably specific information as to the nature and probable effect of information that would have been obtained). Mr. Mendoza, like the defendant in *Farr,* "has failed to offer even the barest indication of what potentially exculpatory information the alleged witnesses would have provided." *Id.* at 659. No deficiency or prejudice has been shown.

*4. Allowing Court's Enhancement of Sentence*

Mr. Mendoza's final claim is that his counsel was ineffective at sentencing for allowing the Court to enhance his sentence pursuant to 21 U.S.C. § 851. He argues that the Court failed to inquire whether Mr. Mendoza affirmed or denied that he had been previously convicted as alleged in the information, pursuant to 21 U.S.C. § 851(b). At sentencing, the Court inquired as to whether counsel and Mr. Mendoza had reviewed the presentence report. (See Sentencing Transcript at pp. 2-3). Both answered in the affirmative and stated that the only objections were about family matters, which had been revised in the final report. *Id.* at p. 3. Mr. Mendoza reported that he had no disagreements with what was contained in the presentence report. *Id.* Even now, Mr. Mendoza does not challenge the two prior felony convictions alleged in the § 851 information. Counsel is not ineffective for failing to raise an objection that was baseless.

Mr. Mendoza has failed to show either deficient performance or prejudice in his attorney's representation. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006) ("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue there₿*effective* (not mistake-free) representation. Stated differently, counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have)."). Accordingly, the Court finds Mr. Mendoza's attorney was constitutionally sufficient throughout all proceedings.

*Request for Hearing*

Mr. Mendoza's request for an evidentiary hearing has been considered. An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Mr. Mendoza's request for a hearing is **DENIED.**

*Conclusion*

For the reasons explained above, therefore, Mr. Mendoza is not entitled to relief pursuant to 28 U.S.C. ' 2255. His motion is **DENIED.**

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:04-cr-0155-H/F-1.** The Bureau of Prisons website shows a new address for Mr. Mendoza. The clerk shall also **update the docket** to reflect that change, as indicated in the distribution list below.

## II. Certificate of Appealability

Under § 2253(c)(2) of Title 28, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has observed that an applicant has made a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. Mendoza has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.* The court therefore **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Date: 07/29/2013

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Electronically Registered Counsel

Antonio Mendoza
No. 74707-179
Victorville FCC
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301