**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANTONIO MENDOZA, | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:11-cv-018-TWP-MJD |
| | ) |
| UNITED STATES OF AMERICA. | ) |

**Entry Directing Treatment of Document**

**I.**

Antonio Mendoza's motion for relief pursuant to 28 U.S.C. § 2255 was denied on July 29, 2013. His request for a certificate of appealability was denied by this Court on July 29, 2013, and by the Seventh Circuit Court of Appeals on December 19, 2013, after finding no substantial showing of the denial of a constitutional right. He filed a motion for relief from judgment under Rule 60(b)(3) on March 13, 2014.

When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). A motion that "add[s] a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits"* presents a claim for habeas relief. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005);

Mr. Mendoza argues that during his criminal proceedings, the government failed to disclose records that revealed that he was mildly retarded and not subject to stand trial. He alleges that he has been considered mildly retarded since he was nine years old. He blames this error on the government, alleging that the government became aware of his alleged mental

incompetency in an interview when he told them he was not capable of making critical decisions without consulting other people. He contends that the criminal judgment was therefore obtained through deception or fraud.

This proposed claim is entirely within the scope of the rule just cited. *Gonzalez* dictates that "a Rule 60(b) motion in a collateral proceeding under § 2254 or § 2255 that attacks a district court's decision 'on the merits' must be treated as a new 'application' for collateral review, and thus is barred by § 2244(b) unless the statutory criteria for sequential collateral litigation are met." *Phillips v. United States,* 668 F.3d 433, 435 (7th Cir. 2012).

## II.

Because the first step in such a situation is a procedural one, the clerk shall **process the Rule 60(b) motion (docket 21) as a new civil action in the Indianapolis Division.** The motion for relief from judgment shall be the initial pleading in the newly opened action and shall be re-docketed as a motion for relief pursuant to 28 U.S.C. § 2255 in the newly opened action and likewise in the underlying criminal action, No. IP 04-CR-155-H/F-1. The nature of suit code for the new action is 510, and the cause of action is 28 U.S.C. § 2255. Judicial assignments in the newly opened action shall be as in this case.

A copy of this Entry shall be docketed in the newly opened action.

The motion pursuant to Rule 60(b)(3) in this action, No. 1:11-cv-018-TWP-MJD [dkt. no. 21], is **denied.**

Date: 05/05/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Electronically Registered Counsel

Antonio Mendoza
No. 74707-179
Victorville FCC
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA  92301