UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO MENDOZA, )<br>                Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | Case No. 1:11-cv-0018-TWP-MJD |

**Entry Denying Motion to Reopen and/or Reconsider
And Directing Clerk to Open New Civil Action**

**I.**

Mr. Mendoza was convicted of drug offenses in No. 1:04-cr-0155-H/F01. On July 23, 2015, Mr. Mendoza filed a post-judgment "motion seeking relief to reopen 60(b)(1) thru 60(b)(6) and/or reconsider Rule 60(b)." He requests that the Court reopen and/or reconsider the denial of his Rule 60(b) motion on May 5, 2014. This section 2255 action, No. 1:11-cv-0018-TWP-MJD, in which Mr. Mendoza presented claims of ineffective assistance of counsel, was dismissed on the merits. Judgment was entered on July 29, 2013. His appeal was denied on February 10, 2014, because the court of appeals found no substantial showing of the denial of a constitutional right.

On March 13, 2014, Mr. Mendoza filed a motion for reconsideration under Rule 60(b), in which he argued that the government failed to disclose records that revealed that he was mildly mentally retarded and not subject to stand trial. That motion was treated as a new claim which prompted the opening of a new section 2255 civil action, No. 1:14-cv-0701-TWP-MJD. That action was dismissed for lack of jurisdiction on May 12, 2014, as a second or successive challenge to his conviction.

Mr. Mendoza now argues that he did not receive a competency hearing despite telling his counsel and the United States Attorney that he suffered from mental illness/disease. He alleges that he has psychotic episodes and suffers from a neurological impairment. He argues that he was

not competent to understand the proceedings against him. Although he refers to his July 23, 2015, motion as a motion to reconsider, he has presented a different claim through that motion.

When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A motion that "seeks to add a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits*" presents a claim for habeas relief. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Mr. Mendoza's proposed claim is entirely within the scope of the rule just cited. *Gonzalez* dictates that "a Rule 60(b) motion in a collateral proceeding under § 2254 or § 2255 that attacks a district court's decision 'on the merits' must be treated as a new 'application' for collateral review, and thus is barred by § 2244(b) unless the statutory criteria for sequential collateral litigation are met." *Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012).

## II.

Because the first step in such a situation is a procedural one, the clerk shall process the motion to reopen or reconsider (docket 30) as a new civil action in the Indianapolis Division. The motion for relief from judgment shall be the initial pleading in the newly opened action and shall be re-docketed as a motion for relief pursuant to 28 U.S.C. § 2255 in the newly opened action and likewise in the underlying criminal action, No. 1:04-CR-0155-H/F-1. The nature of suit code for the new action is 510, and the cause of action is 28 U.S.C. § 2255. Judicial assignments in the newly opened action shall be as in this case.

A copy of this Entry shall be docketed in the newly opened action.

The motion to reopen or reconsider pursuant to Rule 60(b) in this action, No. 1:11-cv-018-TWP-MJD [dkt. 30], is **denied**.

**IT IS SO ORDERED**.

Date: 7/31/2015

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Antonio Mendoza, 74707-179
Victorville U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 3900
Adelanto, CA 92301